Office, Editorial Rooms and Library, 13916 Euclid Ave. Cleveland, O.

### EXPIRATIONS

We send notices to subscribers, four weeks in advance of the date to which their application is paid, thus assuring them of ample knowledge in time to prepay renewals, and save the 20 per cent we give to those who mail the money in advance.

# SYLLABI

## Cases Decided by Supreme Court

### No. 328

No. 20317—The Cincinnati Northern Railroad Company and The Cleveland, Cincinnati, Chicago and St. Louis Railway Company—Big Four—v. Public Utilities Commission. Error to the Public Utilities Commission of Ohio.

565. FREIGHT—1. Where three railroads maintain for several years, the same freight rate on a common commodity, although the hauls are of diffeffrent lengths; and then the two with the shortest hauls reduce the rate, it is error for the Public Utilities Commission to reduce the rate, at the request of the long haul railroad, without sufficient evidence that the higher rate is excessive.

2. Public Utilities Commission should not merely reduce freight rates to enable shippers on long haul to compete with shippers on short haul.

KINKADE, J.

Where three different railroad companies, operating through different territory respectively, have maintained for several years a common freight rate of 50 cents per ton upon a common commodity, sand and gravel, from points on their respective lines going to a common market, the haul being 13 miles on one road, 18 miles on another and 42 miles on the third line, and then the two shorter haul railroads reduce the freight rate to 30 cents per ton upon the common commodity, to a common market, and the other line continues to maintain the 50 cent freight rate for the 42 mile haul, it is error for the Public Utilities Commission, at the instance and request of the shipper on the 42 mile haul, to reduce the freight rate on that haul to 30 cents per ton without sufficient evidence that the 50 cent rate is excessive and unreasonable to the extent of 20 cents per ton. Such reduction should not be made merely to enable the shipper over the long haul to become a successful competitive bidder in the commno market with the shippers over the two shorter lines of transportation.

Findings and orders of the Commission reversed.

Marshall, CJ., Day, Allen, Robinson and Matthias, JJ., concur. Jones, J., concurs in the judgment.

### No. 329

No. 20053—William F. Hess, Auditor Hamilton Co. v. The Union Central Life Ins. Co.

No. 20051—William F. Hess, etc., v. The Columbia Life Insurance Company.

No. 20052—William F. Hess, etc., v. Federal Union Life Insurance Company.

No. 20054—William F. Hess, etc., v. The Western & Southern Life Insurance Co.

No. 20055—William F. Hess, etc., v. The Ohio National Life Insurance Company. Error to the Court of Appeals of Hamilton County.

647. INSURANCE—1. Sec. 5327 and 9357 GC. requiring Ohio Life Insurance Companies to create a reserve, constitutes an indebtedness to the policy holders and may be deducted from gross taxable credits in making tax returns.

2. Sec. 5327 and 9357 GC. are constitutional.

MATTHIAS, J.

1. The reserve created and maintained by an Ohio Life Insurance Company as required by law represents an indebtedness of the company to its policy holders and by virtue of Section 5327 and 9357, General Code, the amount thereof may be deducted from its gross taxable credits in making its return of property for taxation.

2. Sections 5327 and 9357, General Code, are not violative of any provision of the Ohio Constitution.

Judgment affirmed.

Day, Allen, Kinkade, Robinson and Jones, JJ., concur.